UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER E. CENAC, JR., ET AL. | CIVIL ACTION |
| VERSUS | NO: 15-4521 |
| ORKIN, LLC | SECTION: "A" (3) |

### ORDER AND REASONS

The following motions are before the Court: **Motion for Reconsideration (Rec. Doc. 140)** filed by plaintiffs, Drs. Audra and Christopher E. Cenac, Jr.; **Motion for Summary Judgment (Rec. Doc. 143)** filed by defendant Orkin, LLC. Both motions are opposed. The motions, noticed for submission on September 5, 2018, are before the Court on the briefs without oral argument.

In the spring of 2015 Plaintiffs' home located in Houma, Louisiana became infested with Formosan termites. At the time of the infestation, Plaintiffs had their home under contract with the Orkin pest control company. Orkin treated the property to kill the destructive pests but the damage to the home was significant. Plaintiffs' repair estimates are over one million dollars. Via this litigation Plaintiffs are seeking to hold Orkin liable for their significant property repair costs attributable to Formosan termites, and they pleaded a bevy of causes of action in pursuit of that goal.[1]

As the trial date approached, numerous dispositive motions were pending. On June 12, 2018, the Court entered its Order and Reasons (Rec. Doc. 133) pertaining to those motions. The

---

[1] A detailed factual and legal background can be found in the Court's Order and Reasons entered June 13, 2018 (Rec. Doc. 133). The Court assumes familiarity with this document and does not reiterate the background here.

1

Court granted judgment as a matter of law to Orkin as to nearly all of Plaintiffs' causes of action and in particular to Plaintiffs' claim that Orkin had breached an express contractual obligation to repair property damages attributable to Formosan termites. (Rec. Doc. 133 at 13). The Court concluded its twenty-pages of reasons as follows:

> The sole claim that remains pending is Plaintiffs' breach of contract claim for failure to properly inspect, treat, retreat, etc. Plaintiffs will be allowed to seek recovery for emotional distress damages if their breach of contract claim goes to trial. Whether Plaintiffs can actually recover damages under any theory will depend on the factual question of which of the 2007 agreements actually applies to their residence (the Special Service Agreement carried no duties to inspect, retreat, etc.), and whether the damage waiver in the 2007 Orkin Continuous Protection Plan, if that is the applicable agreement, is ambiguous. The Court may allow Orkin to file a dispositive motion regarding the ambiguity issue.

(*Id.* at 19).

Plaintiffs have moved for reconsideration of parts of the Court's prior Order and Reasons. Orkin has moved for summary judgment on the only issue remaining for trial.

**I.**

Plaintiffs move for reconsideration of the Court's rulings with respect to their contractual indemnity claim (the claim that Orkin assumed an affirmative contractual obligation to repair Formosan termite damage) and their detrimental reliance claim. The common element in both of these claims is the oral assurances that Plaintiffs contend that former Orkin salesman Jerry Aucoin gave them regarding the nature of the termite contract that they were purchasing. For purposes of the summary judgment evaluation, the Court assumed what a jury would not be required to credit—the truth and accuracy of Plaintiffs' testimony regarding what Aucoin told them in 2007. Plaintiffs' entire case rests on Aucoin's statements because the written documents in this case completely foreclose any obligation by Orkin to pay for Formosan termite damage. Thus, unless Aucoin's statements to Plaintiffs are legally sufficient to have created an oral contract

binding Orkin to pay for Formosan termite damage in direct contravention of the written documents, the contract claim fails. Having accepted Plaintiffs' testimony regarding Aucoin's statements to be true, the legal efficacy of those statements is a question of law, not of fact. And if Aucoin's statements are insufficient as a matter of law to have created an oral contract binding Orkin to pay for Formosan termite damage, then the factual issue as to which of the 2007 agreements applied to the house—the Special Services Agreement (SSA) or the Continuous Protection Plan (CPP)—is immaterial.

Plaintiffs' contract theory is that the 1991 non-Formosan repair guarantee was amended partially in writing by the SSA and in part orally by Aucoin. In Louisiana, when the underlying contract is not required to be in writing,[2] it may be modified by a subsequent oral agreement, and parol evidence is admissible to prove the subsequent modification. *Monroe v. Physicians Behavioral Hosp., LLC*, 147 So. 3d 787, 795 (La. App. 2d Cir. 2014). Assuming arguendo that Aucoin, who was employed by Orkin as a salesman, could orally modify the 1991 agreement, Plaintiffs might very well have been able to avoid summary judgment on their contract claim based on the 1991 agreement and their assertions regarding Aucoin's statements. But Plaintiffs' case is complicated by the fact that the 2007 sales transaction was accompanied by two written documents, one of which contained not only a comprehensive damage waiver but an integration clause (the CPP), and one of which on its face was issued for a single treatment with an express warranty disclaimer beyond 30 days (the SSA). Assuming that the SSA (which had no integration clause) is the governing document, that document is not ambiguous, unclear, or susceptible to more than one meaning as to its warranty terms. As a general rule, parol evidence is

---

[2] Louisiana law expressly requires a written contract between the property owner and the termite company. La. R.S. § 3:3370(A)(1).

inadmissible to vary, modify, explain, or contradict a writing. *Spoher v. Spoher*, 610 So. 2d 849, 852 (La. App. 1st Cir. 1992) (citing *Kean v. Lemaire*, 451 So. 2d 151, 154 (La. App. 1st Cir. 1984)). Via Aucoin's testimony Plaintiffs are trying to rewrite the SSA to add indemnity terms that are not there and to contradict a warranty disclaimer that appears prominently, clearly, and unambiguously on the face of the one page document that Audra Cenac signed. The disclaimer is not buried in boilerplate language. Plaintiffs strive to characterize their case as one where parol evidence is being offered merely to prove an amendment in 2007 to the 1991 agreement, but the 2007 transaction between Plaintiffs and Orkin was a written one. Plaintiffs are attempting therefore to use parol evidence to drastically modify and contradict the terms of the SSA based on statements that Aucoin made in conjunction with the execution of that agreement. Even in the absence of an integration clause Plaintiffs cannot do this.

Thus, resolving all factual issues in Plaintiffs' favor does not change the conclusion that as a matter of law Plaintiffs cannot prove an affirmative contractual obligation by Orkin to repair Formosan termite damage. The parol evidence that they rely upon in support of their claim is not admissible for the purpose for which they rely upon it. The motion for reconsideration is denied as to the contract claim.

The motion for reconsideration is likewise denied as to the detrimental reliance claim.

## II.

Orkin moves for summary judgment on Plaintiffs' remaining claims. Orkin argues that regardless of whether the CPP or the SSA applies to the damaged home, Plaintiffs are precluded from recovering any damages in excess of the amount that Orkin has already paid to them.

The Court agrees. First of all, if the SSA is the document that applies to the home, then it expressly excludes any type of warranty based on infestation, regardless of the cause. Second, if

4

the CPP is the governing document (and Plaintiffs contend that it is not), then the Court is persuaded that it unambiguously excludes recovery for termite damage. The 2007 CPP states in the first paragraph: "This Service does not cover any damage to the structure or contents." Later in the same paragraph, in all uppercase letters for emphasis, the following statement appears: "CUSTOMER EXPRESSLY RELEASES ORKIN FROM ANY CLAIMS FOR TERMITE DAMAGE OR REPAIR."

But the Limitation of Liability section on the reverse side of the CPP states that the customer waives any claims for damages *except for termite damage repairs as set out above*. It also states that "*[w]ith the sole exception of any claim for termite damage repairs*, Customer expressly waives any claim in any lawsuit . . . for breach of contract, negligence, other tort, . . . for loss of use, diminution of value, business interruption, economic, compensatory, or incidental or consequential damages of any kind or any exemplary, treble, liquidated, or any type of punitive damages."

The determination of whether a contract is clear or is ambiguous is a question of law. *Landis Constr. Co. v. St. Bernard Parish*, 151 So. 3d 959, 963 (La. App. 4th Cir. 2014). A contract is ambiguous on the issue of intent when it lacks a provision bearing on that issue or when the terms of the contract are susceptible to more than one interpretation. *Id.* (quoting *Campbell v. Melton*, 817 So. 2d 69, 75 (La. 2002)).

The CPP contains a provision bearing on the issue of repair damages. On its face the CPP prominently and expressly waives recovery for damage to the structure resulting from termites. The Court is not persuaded that the language in the liability section on the reverse side of the CPP renders the damage waiver susceptible to more than one meaning. The liability

section reiterates the comprehensive damage waiver except *as set out above.* For this particular CPP, there are no exceptions to the damage waiver set out above.

The additional statement indicating that a claim for termite damage repairs is the sole claim allowable in any lawsuit likewise does not render the CPP's damage waiver ambiguous. The phrase "with the sole exception of any claim for termite damage repairs" cannot be read in isolation from the full sentence containing it, whose purpose is to list the elements of damages that are excluded even where Orkin has issued a repair warranty and therefore remains susceptible to legal action for repairs.

In sum, both the CPP and the SSA preclude the damages that Plaintiffs seek to recover in this lawsuit. The factual question of which of the two documents applies to the house and which applies to the barn is immaterial.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Reconsideration (Rec. Doc. 140)** filed by plaintiffs, Drs. Audra and Christopher E. Cenac, Jr. is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 143)** filed by defendant Orkin, LLC is **GRANTED.** A judgment shall be entered in favor of Orkin dismissing Plaintiffs' claims with prejudice.

September 27, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE