UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER E. CENAC, JR., ET AL.                      CIVIL ACTION

VERSUS                                                 NO: 15-4521

ORKIN, LLC                                             SECTION: "A" (3)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Strike Improper Experts (Rec. Doc. 176)** filed by defendant Orkin, LLC. Plaintiffs, Drs. Audra and Christopher E. Cenac, Jr., oppose the motion. The motion, noticed for submission on May 13, 2020, is before the Court on the briefs without oral argument.

In the spring of 2015 Plaintiffs' home located in Houma, Louisiana became infested with Formosan termites. At the time of the infestation, Plaintiffs had their home under contract with the Orkin pest control company. Orkin treated the property to kill the destructive pests but the damage to the home was significant. Plaintiffs' repair estimates were over one million dollars. Via this litigation Plaintiffs are seeking to hold Orkin liable for their significant property repair costs attributable to Formosan termites. Plaintiffs pleaded a multitude of causes of action in pursuit of that goal.

This case was filed nearly five years ago. As the trial date approached in the summer of 2018, the Court granted judgment as a matter of law in favor of Orkin as to all claims. (Rec. Docs. 133 & 148, Order and Reasons). Plaintiffs appealed the judgment, and the Fifth Circuit affirmed the dismissal of all claims with the sole exception of Plaintiffs' tort claim that Orkin was negligent and/or grossly negligent in directing and approving installation of a vapor barrier under their home. *Cenac v. Orkin, LLC*, 941 F.3d 182, 195-97 (5th Cir. 2019). As to that claim alone, the

1

panel vacated the judgment and remanded the case for further proceedings.[1] *Id.* After the

appellate court issued its mandate, this Court held a status conference to discern the possibility of

settlement and to select a new trial date.[2] (Rec. Doc. 171, 1/16/20 Minute Entry).

At the status conference Orkin requested leave to conduct some additional discovery

limited to the vapor barrier tort claim. The Court granted the request over Plaintiffs' objection.

(Rec. Doc. 171, 1/16/20 Minute Entry). The Minute Entry states as follows:

> The Court granted Defendant's request to conduct limited discovery on the sole negligence issue remanded from the Fifth Circuit. Defendant shall depose Mr. Zimmerman and Enrique L/N/U by **February 28, 2020**. Within one week from today the Cenacs must provide Defendant with Enrique's last known address/contact information.
>
> Defendant will be allowed to produce updated expert reports (contractor and termite) as to the negligence issue by **March 13, 2020**. Those experts must be produced for their depositions no later than **March 31, 2020**.[3]
>
> Plaintiffs will be allowed to update their expert reports to rebut Defendant's updated reports. Plaintiffs' rebuttal reports must be produced by **April 13, 2020**, and Plaintiffs' experts must be produced for their depositions no later than **April 30, 2020**.

---

[1] The Fifth Circuit described the vapor barrier claim as follows:

> [I]n 2013, after Orkin completed an annual inspection of [Plaintiffs'] home, Orkin recommended that they install a vapor barrier under their home. The Cenacs assert that both parties believe this barrier was "a major factor in causing the termite infestation and damage to their home." The Cenacs contend that Orkin had no contractual duty to make such recommendation and that "in a separate undertaking, Orkin chose to approach [them] and recommend the installation of a barrier, as well as how to go about installing it." They maintain that Orkin was negligent or grossly negligent in such recommendation and instruction and that Orkin's negligence or gross negligence caused and/or contributed to their damages.

*Cenac*, 941 F.3d at 194–95.

[2] The parties participated in a settlement conference with the magistrate judge on February 20, 2020. The case did not settle but a continuation settlement conference was set for July 22, 2020. (Rec. Doc. 172, 2/4/20 Minute Entry).

[3] As the Court recalls, Orkin was ordered to update its expert reports first because it was the party urging that such updates were necessary, whereas Plaintiffs had taken the position that no updates to their own reports were necessary. The Court would not have ordered Orkin, as the defending party, to go first in producing a supplemental report if that had not been the case.

*Id.*

Plaintiffs' tort claim pertaining to the vapor barrier is currently scheduled to be tried to a jury on September 28, 2020.[4] (*Id.*).

Orkin's Motion to Strike Improper Expert Reports pertains to the rebuttal expert reports that Plaintiffs produced in response to Orkin's updated expert reports. Orkin contends that the reports that Plaintiffs produced violated the Court's order (as quoted above from the 1/16/20 Minute Entry) that allowed the parties to engage in *limited* discovery following remand from the court of appeals. Orkin contends that Plaintiffs' supplemental reports exceed the scope of both the Court's directive and the scope of the issues remaining in the case following remand.[5]

Orkin notes that the Court's Minute Entry permitted Orkin to update only two of its expert reports, and while the Minute Entry did not expressly limit Plaintiffs to updating only two of their reports that was surely the Court's intention. But Plaintiffs nevertheless updated four of their reports. Orkin contends that it would be patently unfair to allow for the Court to allow Plaintiffs to update all four of their expert reports while limiting Orkin to two updates.

Orkin also points out that Plaintiffs filed an unauthorized Supplemental Designation of Experts on April 13, 2020 (Rec. Doc. 174), which purports to redesignate four fact witnesses as

---

[4] In a subsequent order following the filing of Orkin's Motion to Strike Improper Expert Reports the Court extended the deadlines such that the deadline for Orkin to depose Plaintiffs' experts was extended to 6/12/20, and the final submission date for dispositive/*Daubert* motions was extended to 7/22/20. (Rec. Doc. 180, Order).

[5] In its memorandum in support Orkin describes the issue on remand as "**whether Orkin went beyond the scope of its contractual obligations** by negligently providing advice on the installation of a moisture barrier underneath the Plaintiffs' home . . . ." (Rec. Doc. 176-1, Memo in Support at 2 & 3-4) (emphasis added). As to the emphasized portion of the description, the Fifth Circuit has already determined that the factual allegations supporting the vapor barrier claim take it outside the scope of Orkin's contractual obligations and into the realm of tort so that legal determination will not be revisited on remand.

In its reply memorandum Orkin describes the issue on remand as "whether Orkin was negligent in recommending the installation of a vapor barrier and, if so, what damages, if any, were sustained because of that alleged negligence." (Rec. Doc. 184, Reply at 2). This is a more accurate description of the issue to be tried.

experts. Orkin points out that this was done in order to cure a problem that Orkin identified in one of its prior motions in limine.

The objections that Orkin has raised are well-founded. This is particularly true when considering that, as Orkin points out and as the Court recalls, Plaintiffs took the position at the January 16, 2020 status conference that the case should be immediately scheduled for trial and that no updates to any expert reports were necessary. But the expert updates that Orkin now complains about would not have been an issue had Orkin not pressed for additional discovery on the vapor barrier issue, which was not new to the case. The Court does not recall whether it intended to limit Orkin to only two updates or whether the Court simply asked Orkin's counsel which specific reports he wanted to update, and his response was "contractor and termite." Again, the Court simply does not recall.

The Court will not strike Plaintiffs' supplemental expert reports because they have the burden of proof at trial on their tort claim against Orkin, and part of that burden of proof is establishing that the damages they seek were caused by Orkin's negligent conduct pertaining to the vapor barrier, if proven. Plaintiffs will have the opportunity to present their best case to the jury. If Orkin can identify specific experts of its own whose reports it would have updated had it not been limited to two supplemental reports then Orkin can move the Court for that relief, which the Court would expect Plaintiffs to cooperatively agree to under the circumstances.[6]

Finally, the Court will not strike Plaintiffs' supplemental witness list because those witnesses are not new and they will opine on the cost to repair the damages to Plaintiffs' home.

---

[6] The Court does not necessarily agree with Orkin's suggestion that logic would suggest that the supplemental bids should be lower now that the case has been culled down to one claim. (Rec. Doc. 184, Reply at 2). Obviously Plaintiffs believe that they can prove that all of the damage at issue can be linked to the vapor barrier and Orkin's negligence, if any, with respect to that barrier.

The Court would not have granted a motion in limine to force Plaintiffs to trial without those crucial witnesses.[7]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Strike Improper Experts (Rec. Doc. 176)** filed by defendant Orkin, LLC is **DENIED** as explained above.

May 21, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[7] The Court notes that the pretrial deadlines in this case may have to be adjusted once again if Orkin believes that it is necessary to update any other expert reports. If this occurs, the Court expects the parties to confer and come to an agreement on this point. The Court is not concerned with the dispositive motion deadline, however, because rest assured this case will not be disposed of a second time on summary judgment. The case, having been sent back from the court of appeals once already, will go to a jury on the vapor barrier claim so Orkin need not concern itself with filing another motion for summary judgment. Moreover, prior to the 2018 trial date a flurry of motions in limine had been filed. The Court warns the parties to be very selective about the issues that they raise via motions in limine this time because absent a showing of a compelling case for exclusion under *Daubert*, the Court is not inclined to keep either party's evidence from the jury. And any motion in limine that is really a motion for summary judgment in substance will be summarily denied.